UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGHES COMMUNICATIONS INDIA PRIVATE LIMITED,<br><br>                        Plaintiff,<br><br>                          v.<br><br>THE DIRECTV GROUP, INC.,<br><br>                       Defendant. | Case No. 20-CV-02604-AKH<br><br>**STIPULATION AND PROTECTIVE ORDER** |

       IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c), by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the "Stipulation and Order" or "Order") govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-captioned Action ("Discovery Materials").

       1.    A party, person, or entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."

       2.    A party, person, or entity that receives Discovery Materials in connection with this Action shall be referred to herein as the "Receiving Party."

       3.    All Discovery Materials produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeal therefrom).

4. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith believes constitutes and/or contains (1) any non-public trade secrets or other confidential research, development, or commercial information that may be subject to a protective order under Rule 26(c)(1)(G), or otherwise contains information that is non-public and proprietary or sensitive from a commercial or financial perspective; or (2) sensitive, non-public information concerning individuals or entities, including but not limited to social security numbers, home telephone numbers, and personal addresses.

5. Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Attorneys' Eyes Only" any Discovery Material that the Disclosing Party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections, without which the disclosure of the information to another party would create a substantial risk of serious injury that could not be avoided by less restrictive means. "Attorneys' Eyes Only" Discovery Material includes only the following material:

   a. Discovery Material revealing third-party confidential information that the Producing Party has agreed with the third party to produce only with "Attorneys' Eyes Only" treatment;

   b. Discovery Material agreed upon by the parties to be "Attorneys' Eyes Only"; and

   c. Discovery Material ordered by the Court to be "Attorneys' Eyes Only."

6. Discovery Material designated "Confidential" or "Attorneys' Eyes Only" (each, a "Designation" and together, the "Designations") shall be referred to herein as "Designated Discovery Material." Any Discovery Material given a Designation (other than ESI produced in native electronic form) shall be so designated by marking each page of such material with a notice marked with the appropriate Designation or, in the case of depositions, as set forth in Paragraph 11 below. ESI given a Designation shall be so designated by either (1) including such notice of the appropriate Designation in the body of the electronic document, or (2) affixing a stamp with such notice on the medium on which the electronic data is stored when copies are delivered to a Receiving Party. Print-outs of any such ESI identified as Designated Discovery Material shall also be treated in accordance with the terms of this Stipulation and Order. When the Disclosing Party produces any Discovery Material designated "Attorneys' Eyes Only," the Disclosing Party shall include in its production cover letter a notice that the Disclosing Party is designating Discovery Material as "Attorneys' Eyes' Only" and provide the corresponding Bates numbers of such Discovery Material.

7. The Designation of any Discovery Material is not intended to and shall not be construed as an admission that the Discovery Material is properly discoverable, relevant, not subject to an applicable privilege or protection, or admissible.

8. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and work-product doctrine ("Privileged Material"), and is without prejudice to any other party's right to contest such a claim of privilege or protection.

9. The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is Privileged Material, and no party shall have waived any claims or arguments under the inadvertent production doctrine. Any inadvertent production of Privileged Material shall be governed by Appendix A to this Stipulation and Order. The Parties expressly intend Appendix A to supersede the provisions of Federal Rule of Evidence 502(b).

10. If a Disclosing Party inadvertently discloses Designated Discovery Material without designating it as such, the Disclosing Party shall promptly inform the Receiving Party of such inadvertent disclosure within ten (10) business days of the inadvertent disclosure. The Receiving Party shall thereafter treat the information as Designated Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Designated Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure. The failure to timely advise the Receiving Party of such inadvertent disclosure shall not constitute a waiver or admission by the Disclosing Party that such information is not Designated Discovery Material, except where (a) the Disclosing Party fails to timely advise the Receiving Party of such Designation within ten (10) business days after the Discovery Material is used in a court filing or proceeding, or (b) the Discovery Material is used in a deposition and the Disclosing Party fails to timely designate such deposition as "Confidential" or "Attorneys' Eyes Only," as provided in paragraph 11 below.

11. A Disclosing Party may, on the record of a deposition, or within 30 days after receipt of the transcript of such deposition, designate any portion or portions of

the deposition with the appropriate Designation, as necessary, under the terms of this Stipulation and Order. Until thirty (30) days after the receipt of the deposition transcript, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party. All copies of deposition transcripts that contain material identified as Designated Discovery Material shall be prominently marked with the appropriate Designation on the cover thereof. Objections to the Designation of Discovery Material under this paragraph shall be governed by the procedure set forth in paragraph 17 below.

12. Except upon the prior written consent of the Disclosing Party, Confidential Discovery Material shall not be disclosed, summarized, or otherwise made available to anyone except the following persons:

 a. The Court and court personnel, including any appellate court in this Action;

 b. The parties' in-house counsel participating in the prosecution and defense of this action, and their legal, clerical, or support staff, including temporary or contract staff;

 c. The parties' outside counsel participating in the prosecution and defense of this action, and their legal, clerical, or support staff, including temporary or contract staff;

 d. The named parties in this Action (including employees of the named parties);

 e. Professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

      f.      Persons who are indicated to have been authors or recipients of the Confidential or otherwise Designated Discovery Material;

      g.      Expert witnesses or consultants who are employed or retained by a party in connection with the prosecution or defense of this action, provided that counsel, in good faith, requires their assistance in connection with this Action, and further provided that any report created by such expert or consultant relying on or incorporating Confidential or otherwise Designated Discovery Material in whole or in part shall be designated as "Confidential" or "Attorneys' Eyes Only," as appropriate, by the party responsible for its creation;

      h.      Deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this sub-paragraph shall not be permitted to retain copies of such Confidential or otherwise Designated Discovery Materials;

      i.      Outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system;

      j.      Any mediator or arbitrator engaged by the named parties to the Action; and

      k.      Any other person agreed to by the Parties.

13.      Attorneys' Eyes Only Material shall be subject to the requirements of Paragraph 12 above, except that Attorneys' Eyes Only Material further shall **not** be

disclosed to the persons identified in sub-paragraph 12(d) above, except upon the prior written consent of the Disclosing Party.

14. The terms "counsel," "expert," "consultants," and "investigator" include their staff who are assigned to and reasonably necessary to assist such counsel, expert, or investigator in the preparation of this litigation.

15. All persons to whom Designated Discovery Material is disclosed pursuant to sub-paragraphs 12(g), (h), or (i) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order. All persons to whom Designated Discovery Material is disclosed solely pursuant to sub-paragraph 12(g) shall be required to execute a certification evidencing their agreement to the terms of the Stipulation and Order, in the form attached as Appendix B.

16. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative, or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, to the extent permitted by law, shall promptly give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request. The person to whom the subpoena is directed also shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena. In no event shall Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena without providing the Disclosing Party an opportunity to quash or object, absent a court order to do so.

17. No party shall be obligated to challenge the propriety of a Designation of Discovery Materials when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a Designation of Discovery Materials under this Stipulation and Order, the objecting party shall notify the Disclosing Party in writing. Within three (3) business days of the receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's Designation of the Discovery Materials. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall promptly file a joint letter with the Court describing the dispute under Rule 2E of the Court's Individual Practice Rules. The Disclosing Party shall have the burden of showing that the document or information was appropriately designated as "Confidential" or "Attorneys' Eyes Only." While any such application is pending, the documents or materials subject to that application will retain its Designation until the Court rules on the dispute. Nothing in this Stipulation and Order shall be construed as preventing any party from objecting to the Designation of any Discovery Materials, or as preventing any party from seeking further protection for any material it produces in discovery.

18. In the event that counsel for any party or non-party determines to file or submit to this Court any Discovery Material with a Designation, any information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing such Designated Discovery Material shall be filed under seal upon motion, consistent with the requirements of Rule 4 of the Court's Individual Practice Rules. All materials filed under seal shall be available to the Court and to

counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not "Confidential" or "Attorneys' Eyes Only" and need not be preserved under seal. Redacted pages shall be filed in the public record.

19. After the termination of the Action (including after all appeals relating to the Action have been exhausted or the time to appeal has expired), this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Designated Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

20. Within thirty (30) calendar days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the parties shall take commercially reasonable efforts to see that all reasonably accessible copies of Designated Discovery Material shall either be (a) destroyed, and the Disclosing Party provided with a certification stating that the Disclosing Party's documents have been destroyed; or (b) returned, upon the request of the Disclosing Party. As to those materials containing Designated Discovery Material that constitute counsel's work product, were served in the Action, were filed with the Court, and/or were marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Stipulation and Order with respect to such retained material.

21. Each party shall have the responsibility, through counsel, to promptly advise the Disclosing Party of any losses or compromises of the Confidentiality or Attorneys' Eyes Only status of Discovery Material governed by this Stipulation and Order. It shall be the responsibility of the party that lost or compromised the Designated

Discovery Material of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure of such Designated Discovery Material.

22. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials, or information that have been given a Designation pursuant to this Stipulation and Order.

23. Nothing in this Stipulation and Order shall prevent or in any way limit the disclosure, use, or dissemination of any document, information or material that:

    a. was, is, or becomes public knowledge, not in breach of this Stipulation and Order; or

    b. is acquired by a party from a non-party having the right to disclose such information or material or is learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

24. This Stipulation and Order shall not be construed to affect or limit in any way the admissibility or use of any document, testimony, or other evidence at trial or a hearing of this Action, or to prejudice or limit in any way the rights of any party to object to the authenticity, admissibility into evidence or use of any document, testimony, or other evidence at trial or a hearing.

25. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other party to modify this Order, subject to approval of the Court.

26. This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts

of law principles of the State of New York. Any dispute between the parties regarding this Stipulation and Order shall be resolved by making an appropriate application to this Court.

27. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation among the parties immediately upon its execution.

Dated: New York, New York
December 4, 2020

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: /s/ H. Christopher Boehning
H. Christopher Boehning
Michelle K. Parikh
Eunice Hong
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
cboehning@paulweiss.com
mparikh@paulweiss.com
ehong@paulweiss.com

*Counsel for Plaintiff Hughes Communications India Private Limited*

MAYER BROWN LLP

By: /s/ Matthew D. Ingber
Matthew D. Ingber
Niketa K. Patel
Alina Artunian
1221 Avenue of the Americas
New York, NY 10020-1001
(212) 506-2373
mingber@mayerbrown.com
npatel@mayerbrown.com
aartunian@mayerbrown.com

*Counsel for The DirecTV Group, Inc.*

SO ORDERED.
Dated: New York, New York
_December 7_, 2020___

_____/s/_____
Alvin K. Hellerstein
United States District Judge

## APPENDIX A

## CLAWBACK MECHANISMS FOR INADVERTENT DISCLOSURES

1. **No Waiver By Disclosure**

    a. This Stipulation and Order, including this Appendix A, is entered pursuant to Federal Rule of Evidence 502(d).  Subject to the provisions of this Order, if a Disclosing Party discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be Privileged Material, the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter.  This Order shall be interpreted to provide the maximum protection allowed under applicable law.

    b. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Order.

2. **Handling and Return of Privileged Material.**  The process for handling and return of disclosed Privileged Material shall be as follows:

    a. If the Disclosing Party has disclosed or made available to a Receiving Party information it claims to be Privileged Material, the Disclosing Party may notify the Receiving Party of its claim and the basis for it ("Privileged Material Notice").

    b. Upon such notification, the Receiving Party must:

        i. take reasonable efforts pursuant to Federal Rule of Civil Procedure 26 to promptly return, sequester, or destroy the Privileged Material, any reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material;

        ii. not use or disclose the information until the privilege claim is resolved; and

        iii. take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice.

    c. For purposes of this Order, Privileged Material that is not reasonably accessible because of undue burden or cost is sequestered.

    d. Upon the request of the Disclosing Party, the Receiving Party shall provide a certification to the Disclosing Party that it has undertaken the

foregoing efforts, and that it will cease further review, dissemination, and use of the Privileged Material.

3. **Contesting Claim of Privilege or Work Product Protection.** The process for contesting a claim that information is Privileged Material shall be as follows:

   a. If the Receiving Party contests the claim of information as being Privileged Material, the Receiving Party must, within seven (7) days of receipt of the Privileged Material Notice, notify the Disclosing Party in writing of the Receiving Party's objection.

   b. Any objection to a Privileged Material Notice shall be made exclusively on the basis of information provided to the objecting party in the Privileged Material Notice, and shall not refer, quote, cite, or otherwise use any Privileged Material.

   c. Following the receipt of such an objection, the objecting party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected.

   d. If the parties cannot resolve their disagreement, then the Receiving Party may promptly present the issue to the Court for a determination of the Disclosing Party's claim of privilege or protection by submitting any document(s) in dispute under seal in compliance with Federal Rule of Civil Procedure 26(b)(5)(B) and Rule 4 of the Court's Individual Practice Rules. Any party making a motion to the Court for an order compelling disclosure of the information claimed as unprotected must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

   e. While any such application is pending, the Privileged Material subject to that application will be treated as privileged until the Court rules. If the Court determines that the material at issue is privileged or protected, the Receiving Party must comply with the requirements of subparagraph 2(b).

   f. If the Receiving Party, after making an objection to the Disclosing Party, does not apply to the court for a ruling on the designation of the Privileged Material at issue as privileged or protected within thirty (30) days from the receipt of the Privileged Material Notice (regardless of whether parties met and conferred on the subject), or such later date as the Disclosing Party and the Receiving Party may agree, the Discovery Materials in question shall be deemed privileged or protected, in which case the Receiving Party must comply with the requirements of subparagraph 2(b).

   g. The Disclosing Party must preserve the information until the claim is resolved.

      h. The parties may stipulate to extend the time periods set forth in subparagraphs 3(a) and 3(f).

4. **Attorney's Ethical Responsibilities.** Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

5. *In camera* **review.** Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

6. **Intentional and Subject Matter Waiver.** This Order does not preclude a party from intentionally voluntarily waiving the attorney-client privilege or work product protection. Where a party makes such a voluntary waiver, the provisions of Federal Rule of Evidence 502(a) apply.

**APPENDIX B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGHES COMMUNICATIONS INDIA PRIVATE LIMITED,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE DIRECTV GROUP, INC.,<br><br>                    Defendant. | Case No. 20-CV-02604-AKH<br><br>**UNDERTAKING REGARDING STIPULATION AND PROTECTIVE ORDER** |

    1.    I, _____, declare that:

    2.    I have received a copy of the Stipulation and Protective Order entered on _____ (the "Stipulation and Order") in the above-captioned Action and I have read and understand its provisions.

    3.    I will comply with all of the provisions of the Stipulation and Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not use for purposes other than for this Action any information designated "Confidential" or "Attorneys' Eyes Only" that I receive in this Action, except as otherwise permitted under the terms of the Stipulation and Order.

Dated: _____

                                                  _____