UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
HUGHES COMMUNICATIONS INDIA
PRIVATE LIMITED,

                        Plaintiff,

    -against-

THE DIRECTV GROUP, INC.,

                        Defendant.
------------------------------------------------------------- x

**ORDER REGULATING PROCEEDINGS**

20 Civ. 2604 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The Court's view is that before discovery is pursued, the following procedure should be followed:

1. By September 14, 2023, Hughes India shall provide the date and categorization for each payment made to the DOT. Hughes India shall additionally produce the assessment letters issued by the DOT, the cover letters covering each payment and providing explanation, and any other documents describing payments made. Hughes India shall distinguish the tax year for which payments were made, including penalties and interest thereon.

2. By October 10, 2023, the parties shall brief the Court on the following questions:

    a. Given the facts already in the record and the ruling of the Second Circuit, is there any basis to challenge the reasonableness of Hughes India's choice to litigate its dispute with the DOT and to await determination before making payment? *See Feuer v. Menkes Feuer, Inc.*, 187 N.Y.S.2d 116, 121 (1959). If there were such a basis, is reasonableness is an objective

      standard, rendering the discovery sought by DirecTV as to internal communications at Hughes India irrelevant?

   b. The Second Circuit ruled that Hughes India provided notice to DirecTV on November 3, 2005. That notice is in the record. *See* Decl. of Paul D. Lall, dated April 21, 2021, Ex. 6 (ECF No. 61-6). Why is any further discovery regarding notice needed? Additionally, why was this defense not waived by DirecTV's failure to assert it in the parties' cross-motions for summary judgment and the subsequent appeal?

   c. In light of the notice provided to DirecTV on November 3, 2005, and the forthcoming production of payment records by Hughes India, why is there a need for any further discovery challenging DirecTV's indemnification obligation on the basis of the statute of limitations? Additionally, why was this defense not waived by DirecTV's failure to assert it in the parties' cross-motions for summary judgment and the subsequent appeal?

   d. Is DirecTV obligated to indemnify Hughes India for the cost of litigating its dispute with the DOT? If so, how should the Court compute that amount, given that the litigation concerned provisional assessments initiated both before and after the closing date?

3. The parties shall file response briefs by November 13, 2023.

SO ORDERED.

Dated: August 24, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge