UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
HUGHES COMMUNICATIONS INDIA
PRIVATE LIMITED,

                            Plaintiff,

    -against-

THE DIRECTV GROUP, INC.,

                           Defendant.
------------------------------------------------------------- x

**ORDER REGULATING PROCEEDINGS**
20 Civ. 2604 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff Hughes India is an Indian satellite communications company that operates pursuant to a License Fee Agreement with the Indian Department of Telecommunications ("DOT"). ECF No. 65 at ¶ 31, 34. While now its own company, Hughes India began as a wholly owned subsidiary of Defendant, DirecTV Group ("DirecTV") doing business in India. In December of 2004, the parties entered into a Contribution and Membership Interest Purchase Agreement ("the Agreement") to spin off Hughes India into its own, independent entity. ECF No. 61-1. As part of this Agreement, DirecTV agreed to indemnify Hughes India for certain "Taxes," as defined by the contract, to include "all federal, state, local and foreign taxes . . . and installments of estimated taxes, assessments, deficiencies, levies, imposts, duties, withholdings, or other similar charges of every kind, character, or description imposed by any Governmental Authority, and any interest, penalties, or additions to tax imposed . . . " ECF No. 61-1, Purch. Agmt., Ex. A, at A-11. However, this liability was cabined to taxes arising from "Proceedings . . . initiated prior to the Closing Date," making Hughes India liable for any liabilities from Proceedings "created or incurred on or after Closing [of the spin-off]" but related to

1

"proceedings . . . initiated prior to the Closing Date." *Id.* at B-14. The Closing occurred on April 22, 2005.

In March of 2005, Hughes India received a Provisional License Fee Assessment from DOT, seeking payment for 245,275,205 Indian rupees, the equivalent of approximately 5.6 million dollars, for unpaid license fees for the fiscal years 2001-2003. Defendant's Undisputed Material Facts Pursuant to Local Rule 56.1 ("Def. SUF") ¶ 55. Hughes India did not pay the assessment, choosing instead to sue the DOT. ECF Nos. 64-12 (copy of Petition filed before the TDSAT on February 15, 2006), 69-5, 69-27. Hughes notified DirecTV of the lawsuit on November 3, 2005, and offered it the right to assume control of the suit. DirecTV responded that the assessment was Hughes India's responsibility, and declined to participate in the lawsuit. ECF No. 60 at 17. The litigation included assessments for succeeding years as well. Hughes India continued to keep DirecTV apprised of the status of the litigation, but DirecTV's position remained unchanged. ECF No. 1 at 5.

In 2019, the Supreme Court of India ultimately upheld the assessment levied by the DOT. Pl. SUF ¶ 67; ECF No. 70-11. By this point, however, the 5.6-million-dollar assessment for the period prior to the closing had grown to 94 million dollars due to accumulating penalties, fees, and interest on these and succeeding years. Hughes India thereupon made demand on DirecTV for reimbursement.

The Second Circuit Court of Appeals, hearing an appeal from my grant of the Defendant's summary judgment motion, held that DirecTV was liable for the "unpaid license fees, interest, and penalties that accrued for [fiscal years 2001-2003]," the period prior to the Closing date of April 22, 2005. *Hughes Communications India Private Ltd. v. The DirecTV Group, Inc.*, 71 F.4th 141, 154 (2d Cir. 2023). The case was then remanded to me for resolution

of the damages issue. On remand, Hughes India seeks 83 million dollars from DirecTV. ECF No. 105. My task is to discern just how much of this sum is fairly attributable to the three fiscal years covered by DirecTV's indemnity—2001 to 2003.

DirecTV asserts that further discovery into the issues of notice and mitigation are required before the Court can determine how much of the total assessment amount it can be held liable for. I disagree.

Hughes India gave DirecTV notice of the Indian litigation on November 3, 2005. *See Hughes Commc'ns India Priv. Ltd. v. The DirecTV Grp, Inc.*, 71 F.4th at 146. DirecTV declined to intervene in the case in response to the notice and in response to the notices in succeeding years. ECF No. 1 at 5. DirecTV asserted that the assessment was Hughes India's responsibility, and willingly excluded itself from the matter. DirecTV cannot now argue that Hughes' India's decision to litigate was irresponsible or unreasonable. DirecTV was willing to profit if Hughes India succeeded in the litigation, and it therefore assumes the risk of failure, including the interest, fees, and penalties that could be imposed under Indian law. The indemnity agreement between the parties so provided.

The Second Circuit expressly ruled that DirecTV was liable to indemnify Hughes India for license fees, penalties, and interest accrued in connection with the unpaid assessments. Thus, bound by its own agreement, DirecTV cannot classify its breach as a mitigation issue. "An indemnitor who fails to meet its contractual obligation to defend an indemnitee, after being tendered the defense, is estopped from criticizing the indemnitee's strategy" in resolving the claim. *In re Carey Transp., Inc.*, 72 B.R. 767, 773 (Bankr. S.D.N.Y. 1987) (quoting *Dominic v. Hess Oil Virgin Islands Corp.*, 624 F. Supp. 117, 120 (D. Virgin Islands 1985)). Instead, an indemnitor, like DirecTV here, is "conclusively bound by . . . any litigated judgment that may be

rendered" against an indemnitee like Hughes India. *Feuer v. Menkes Feuer, Inc.*, 187 N.Y.S.2d 116, 121 (1st Dep't 1959). If DirecTV preferred for Hughes India to handle the litigation in a different way, it had every opportunity to intervene and do so. There is nothing left to discover.

My order of August 24, 2023, ordered Hughes India to provide details of the assessments, interest, and penalties, describing how they can be ascribed to DirecTV. It has failed to do so. The issue of allocation is referred to U.S. Magistrate Judge Sarah Cave to conduct such submission and proceedings as may be necessary.

SO ORDERED.

Dated: June 6, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge